IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CAROL COUCH | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CIVIL ACTION NO. 2:20-cv-00626 |
| SAFECO INSURANCE COMPANY OF AMERICA | ) ) ) |
| Defendant. | ) ) ) |

**MEMORANDUM OPINION AND ORDER**

Now pending before this Court is the Plaintiff's Motion to Remand (doc. 4) and the parties' Joint Motion for Entry of Agreed Order (doc. 11). Plaintiff Carol Couch ("Couch") filed this action in the Circuit Court of Covington County, Alabama on July 22, 2020, alleging breach of contract and bad faith failure to pay against defendant Safeco Insurance Company of America ("Safeco"). (Doc. 1-1).

On August 27, 2020, the Defendant removed the case to this Court solely on the basis of diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332. A defendant may remove to federal court any civil action over which the court would have original jurisdiction. 28 U.S.C. § 1441(a). This Court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

On August 31, 2020, the Plaintiff filed a motion to remand (doc. 4) on the basis that the amount in controversy does not exceed $75,000. (Doc. 2 at 2, para. 3). Also pending before the Court is the parties' joint motion for an order of remand (doc. 11).

Although the Defendant removed this case on the basis that the amount in controversy in this case exceeds $75,000, the parties have reached an agreement to remand this case to state court. In support of the motion to remand, counsel for Couch submitted an affidavit stipulating that Plaintiff would "neither seek nor accept damages greater than $75,000" in this lawsuit. (Doc. 4-3). The Court credits these representations as bona fide and binding on Plaintiff.

Therefore, based on Couch's affidavit and the representation of counsel that the Plaintiff does not seek and will not accept more than $75,000 in damages, this Court finds that the amount in controversy does not exceed $75,000. Because the requisite amount in controversy is not present in this case, this Court lacks diversity jurisdiction. The Court emphasizes that it has relied on the representations of the Plaintiff and his counsel in concluding that the Court lacks diversity jurisdiction. The Court finds their representations to be binding on the plaintiff, his heirs, representatives and assigns.

In the joint motion for entry of the parties' agreed order, the Plaintiff further represented that upon remand to the Circuit Court of Covington County, Alabama, she shall file an Amended Complaint stipulating that she will neither seek nor accept more than $75,000 in this lawsuit. However, having determined that this Court lack diversity jurisdiction, this Court declines to enter the order proposed by the parties. The Court has no basis to retain jurisdiction when, as here, jurisdiction is lacking.

- 3 -

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the Plaintiff's motion to remand (doc. 4) is GRANTED and the parties' joint motion for order (doc. 11) is DENIED and that this case is REMANDED to the Circuit Court of Covington County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Covington County.

DONE this 14th day of October, 2020.

/s/   Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE